# IN THE SUPREME COURT OF IOWA

No. 07–0863

Filed January 23, 2009

**STATE OF IOWA,**

Plaintiff,

vs.

**IOWA DISTRICT COURT FOR JONES COUNTY,**

Defendant.

Certiorari to the Iowa District Court for Jones County, David M. Remley, Judge.

Original certiorari action brought by State to challenge legality of district court's decision in postconviction relief proceeding, holding application of Iowa Code section 903A.2 (2001) to inmate violated Ex Post Facto Clause. **WRIT ANNULLED.**

Thomas J. Miller, Attorney General, and Forrest Guddall, for plaintiff.

Philip B. Mears of Mears Law Office, Iowa City, for defendant.

**PER CURIAM.**

The State brought this original certiorari action challenging the legality of the district court's decision granting postconviction relief to two inmates. The inmates, Terry Jones and Leonidas Psomas, were each serving a twenty-five-year sentence for 1996 convictions of second-degree sexual abuse.[1]  In 2006, as a result of their refusal to participate in sex offender treatment, the department of corrections (DOC) determined Jones and Psomas were ineligible to receive further earned-time credits.  *See* Iowa Code § 903A.2 (2005) (providing for reduction in sentence for good conduct and satisfactory participation in specified programs).  Jones and Psomas claimed the application of this statute, as amended in 2001 and 2005, violated the Ex Post Facto Clause because the offenses for which they were incarcerated were committed prior to the amendments.

The inmates' claims are identical to the claim raised in *State v. Iowa District Court for Henry County*, ___ N.W.2d ___ (Iowa 2009).  In that case, we held the district court correctly determined the DOC's application of amended section 903A.2 to inmates whose crimes predated the amendments violates the constitutional prohibition of ex post facto laws.  Our ruling in *Henry County* controls here.  Therefore, we conclude the district court did not act illegally in ordering the State to restore the earned-time credits of Jones and Psomas retroactive to the date on which the earned-time-credit accrual was suspended in each case.  We annul the writ of certiorari.

**WRIT ANNULLED.**

This opinion is not to be published.

---

[1]The record does not reveal the dates of the inmates' offenses that resulted in these sentences.